No. 13666

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

UNITED CAMPGROUNDS, U.S.A.,
a corporation,

Plaintiff and Appellant,

-vs-

LESLIE B. STEVENSON,

Defendant and Respondent.

Appeal from: District Court of the Eighteenth Judicial
District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

J. David Penwell, Bozeman, Montana

For Respondent:

Joseph W. Sabol, Bozeman, Montana

Submitted on briefs.

Submitted: September 26, 1977

Decided: NOV 29 1977

Filed: NOV 29 1977

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This action by United Campgrounds, U.S.A., a Nevada corporation, against Leslie B. Stevenson, a resident of Bozeman, Montana, was brought in the District Court, Gallatin County, for damages for breach of contract and termination of a franchise agreement. It was tried to the District Court sitting without a jury. The court found in favor of Stevenson, awarded attorney fees, terminated the contract, and dismissed the claim. United appeals.

On July 17, 1971, a franchise agreement was executed between United and Stevenson for the operation by Stevenson of a United Campground franchise at Bozeman, Montana. There-after, on December 1, 1971, the parties entered into a sign lease agreement for the lease of a sign owned and furnished by United for use by Stevenson at the campground. In December 1971, Stevenson purchased land near bozeman and started a campground in early 1972.

The franchise agreement provided that 3% of the annual registration fees at the campground was to be paid to United for educational and supervisory services. An additional sum of 4% of the annual registration fees was to be paid for the use of the trade name and trademark "UNITED CAMPGROUNDS". Stevenson was also to pay United the sum of $500 per year as an advertising payment for promoting and advertising the "UNITED CAMPGROUNDS" trade name.

Specifically, the franchise agreement required the payment by Stevenson to United of the sum of $7,500. This sum consti-tuted compensation to United for work performed and services

- 2 -

rendered in connection with setting up the campground. This sum of money was paid to United. In addition to the franchise agreement United and Stevenson entered into a lease agreement for the lease of an advertising sign. Steventon was to pay the sum of $350 per year as rental for the use of the sign. This sign lease was a separate agreement. However, the sign rental was required by the franchise agreement which in Article V, Paragraph 1, Section s, states:

"1. DUTIES OF FRANCHISEE: Franchisee agrees:

" * * *

"s. To lease or purchase a standard lighted sign from Franchisor * * *."

All payments were duly made by Stevenson to United until the beginning of 1974, at which time all payments ceased with no payments made since then. The franchise agreement is explicit as to the duties of United as the franchisor, and likewise, insofar as the duties of Stevenson as the franchisee. The District Court, after hearing testimony and examining the evidence and proof, found that United as franchisor had not met its duty to Stevenson as franchisee in that:

1. United did not send a competent, qualified and experienced location advisor to Stevenson's territory to advise Stevenson.

2. United did not furnish paper goods, sales aids, advertising materials or other items printed with United's trademark or trade name to Stevenson.

3. United did not provide Stevenson with one week of basic operational training in an actual operating campground.

4. United did not instruct or advise Stevenson with regard to the leasing of equipment and rental of facilities or equipment for the operation of his campground.

- 3 -

5. United did not assist Stevenson in developing sources of income from new and different types of facilities related to overnight campting.

6. United failed, neglected and refused during the years 1974 and 1975, to maintain the trade name and business of "United Campgrounds, U.S.A." in such a manner as to signify a high standard of excellence in management and operation. United did not publish, advertise, promote and develop "United Camp- grounds, U.S.A." trade name and public image. United did not make available to Stevenson paper goods, sales aids, advertising materials; did not publish during the years 1974 and 1975, a directory in content, scope or accuracy to facilitate and pro- mote Stevenson's business.

The court further found United's failures to perform materially impaired and jeopardized Stevenson's business and were material breaches of the covenants, and were conditions precedent of the franchise agreement.

United's first issue for review is whether the District Court erred in failing to rule on the evidence that a separate sign lease had been entered into between the parties and no payment had been made by the franchisee after December 1973, nor had the sign been returned to the franchisor?

As heretofore noted, Article V of the franchise agreement imposes the obligation upon Stevenson to lease or purchase a sign from United. The sign agreement is of a lesser consequence in relation to the entire agreement than the segment relating to advertising and use of United's name. The obligation here is no different than the other payments relating to trade name and other advertising material. It has its own method of execution based

- 4 -

on the purchase or lease option, but like all other obligations has its genesis in the franchise agreement and is a part thereof. Therefore, lack of specific reference beyond the franchise agreement is not reversible error.

United's final issue is whether the District Court was correct in construing the obligations of the franchisor as conditions precedent. Section 58-206, R.C.M. 1947, states:

> "A condition precedent is one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed."

This Court in Atlantic-Pacific Oil Co. v. Gas Development Co., 105 Mont. 1, 15, 69 P.2d 750 (1937), dealt at length with a "condition precedent" and held that a condition precedent is not a question of phrase or form, but one of the intent of the parties. Here, Stevenson contends the franchise agreement demonstrates it was the intent of the parties to create all obligations on the part of Stevenson, dependent upon performance of obligations by United. His contention is evidenced by the franchise agreement itself, reciting at length the rights of United for any breach of an obligation by Stevenson. Yet, nowhere within the agreement is there any provision concerning the rights of Stevenson for a failure by United to perform the obligations imposed upon United. The termination clause contained in the franchise agreement is very specific -- the agreement may be terminated when either a ten year period has expired or the franchisee is in breach of the agreement. However, no provision is made in the franchise agreement which allows for the termination of the agreement for breach thereof by the franchisor, United.

United on the other hand maintains that each party's performance was equally dependent and ran concurrently, contending

that conditions precedent are not favored and the courts will not construe stipulations to be such, unless required to do so by plain, unambiguous language or by necessary implication. 17 Am Jur 2d, Contracts, §321, p. 752.

The District Court decided these duties of the franchisor by necessary implication were conditions precedent. The District Court held Stevenson failed to establish damages, yet the court did feel that United had substantially failed in many of its obligations as a franchisor. Therefore, if this franchise agreement was to be construed as imposing upon United covenants or concurrent duties, this would leave Stevenson without an adequate remedy for a breach of these obligations by United.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 6 -